IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


**HEATHER N. BOYCE,**

    **Plaintiff,**

vs.                                                                                   CASE NO. 1:07CV117-MP/AK

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security**

    **Defendant.**

                                 /

## REPORT AND RECOMMENDATION

This action is brought pursuant to 42 U.S.C. § 405(g) of the Social Security Act (Act) for review of a final determination of the Commissioner of Social Security (Commissioner) denying Plaintiff's application for supplemental security income benefits (SSI) filed under Title XVI of the Act.

Upon review of the record, the Court concludes that the findings of fact and determinations of the Commissioner are **not** supported by substantial evidence; thus, the decision of the Commissioner should be reversed and this cause remanded for further proceedings.

**A.**    **PROCEDURAL HISTORY**

Plaintiff filed an application for SSI on September 17, 2003, alleging a disability onset date of October 24, 1999, because of chronic low back pain, asthma, obesity, and depression.  Plaintiff petitioned for a hearing before an administrative law judge (ALJ),

who conducted a hearing on February 13, 2006, and entered an unfavorable decision on September 13, 2006. The Appeals Council denied Plaintiff's request for review, thus making the decision of the ALJ the final decision of the Commissioner.  This action followed.

**B.      FINDINGS OF THE ALJ**

The ALJ found that Plaintiff had severe impairments: asthma, obesity, and affective disorder, but that she did not have an impairment or combination of impairments that met the listings, specifically Listing 1.00 Musculoskeletal System or 12.00 Mental Disorders.  (R. 17).  The ALJ found her capable of low stress, unskilled work with one, two or three step instructions, able to carry ten pounds frequently, 20 pounds occasionally, walk, stand, or sit about six hours out of an eight hour day, only occasional climbing, stooping, balancing, kneeling, crouching and crawling.  (R. 20). She should avoid hazards because of her medication and moderate pain, and her anxiety and depression may cause mild problems with concentration.  (R. 20).

The ALJ found her allegations of pain and limitation only partly credible because of her reported daily activities, which includes housework, taking care of four children, one of whom is home schooled, and volunteer work.  (R. 20).  Also, Plaintiff has received only conservative treatment for her conditions and no treating source has found her disabled or limited beyond the limitations found by the ALJ.

Because Plaintiff's past relevant work as a cashier, an electronic assembler, and a restaurant meal prepared are unskilled, sedentary to light, she is not precluded from performing her past relevant work, and is therefore, not disabled.

**No. 1:07CV117-MMP/AK**

### C.  ISSUES PRESENTED

Plaintiff argues that the ALJ erred in not adopting Dr. Chodosh's entire opinion, which he accorded great weight; that the ALJ erred in finding that the jobs listed were past relevant work, that he did not consider the sitting/standing/walking requirements of these past jobs, and failed to consider the mental requirements of these past jobs; and that the grids should not have been used.

The Commissioner responds that the ALJ gave proper weight to the opinion of Dr. Chodosh, who was a one time examining physician and not a treating physician. The ALJ was not required to adopt Dr. Chodosh's opinion verbatim and explained his decision not to accept Plaintiff's allegations that she was disabled.  The Commissioner seems to concede that the record does not support a finding that Plaintiff's past relevant work included an electronic assembler or restaurant worker, but that she had earnings as a cashier from December 1996 through February 1997, and therefore, this constituted relevant past work.  The Commissioner further concedes that the ALJ's alternative finding, that there were other jobs in the national economy, was not supported by the record because non-exertional impairments were noted and a vocational expert was necessary to support a Step Five analysis.

The issue thus presented is whether the Commissioner's decision that Claimant is not disabled is supported by substantial evidence in the record and decided by proper legal standards.

**No. 1:07CV117-MMP/AK**

**D.    STANDARD OF REVIEW**

Title 42 U.S.C. § 405(g) sets forth the standard of review for this court.  The Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied.  Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997).  Findings of fact by the Commissioner which are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g). Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996).  "Substantial evidence" has been defined to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted) (per curiam).  It is more than a scintilla, but less than a preponderance.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted).  The court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  Wolfe v. Chater, 86 F.3d 1072, 1076 (11th Cir. 1996).  It must determine only if substantial evidence supports the findings of the Commissioner.  See Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987) (per curiam).  Even if substantial evidence exists which is contrary to the Commissioner's findings, where there is substantially supportive evidence of the Commissioner's findings, the court cannot overturn them.  Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991).  Unlike the deferential review accorded to the Commissioner's findings of fact, his conclusions of law are not presumed valid. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted).  The Commissioner's failure to apply correct legal standards or to provide the reviewing court with an

**No. 1:07CV117-MMP/AK**

adequate basis for it to determine whether proper legal principles have been observed requires reversal. Id. (citations omitted).

A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). To qualify as a disability the physical or mental impairment must be so severe that claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Commissioner analyzes a claim in five steps:

1. Is the individual currently engaged in substantial gainful activity?

2. Does the individual have any severe impairment?

3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

4. Does the individual have any impairments which prevent past relevant work?

5. Do the individual's impairments prevent any other work?

A finding of disability or no disability at any step renders further evaluation unnecessary. Plaintiff bears the burden of establishing a severe impairment that keeps him from performing his past work. If Plaintiff establishes that his impairment keeps him

**No. 1:07CV117-MMP/AK**

from his past work, the burden shifts to the Commissioner at step five to show the existence of other jobs in the national economy which, given Plaintiff's impairments, Plaintiff can perform.  Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986); MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986).  If the Commissioner carries this burden, Plaintiff must prove that he cannot perform the work suggested by the Commissioner.  Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987).  It is within the district court's discretion to affirm, modify, or reverse a Commissioner's final decision with or without remand. 42 U.S.C. § 405(g); Myers v. Sullivan, 916 F.2d 659, 676 (11th Cir. 1990).

**E.  SUMMARY OF CLAIMANT'S RELEVANT MEDICAL HISTORY**

Plaintiff attributes her continued back pain to a rear end automobile collision in 1999 (R. 418, 199, 209, 237, 247), but x-rays taken at that time showed no abnormalities from the accident.  (R. 189-193).  Plaintiff's last work was actually two years earlier, as a fast food meal preparer in 1997, which she quit when she became pregnant.  (R. 82).  She had worked as a restaurant food preparer previously in 1990/1991 for two months, and as an electronic assembler for one month in 1995, and as a cashier for two months in 1996/1997.  (R. (R. 71, 77, 92-93, 108, 124).  Plaintiff has sought regular treatment for her back pain from Eastside Community Clinic, which has administered ration of pain medications.  (R. 271-323).  Both consultative examiners (Drs. Chodosh and Greenberg) found her to have full range of motion, although Dr. Chodosh limited her ability to stand to a moderate degree with frequent

**No. 1:07CV117-MMP/AK**

changes of position. (R. 201). Dr. Chodosh was of the opinion that Plaintiff did not have asthma based on pulmonary studies he did which showed borderline to mild lung restriction. (R. 204). He attributed her breathing difficulties to obesity. (R. 204). A later chest x-ray done in April 2005 found her to have no active disease and no pulmonary edema. (R. 355-357).

Two mental evaluations in the file show no severe condition, and no condition that would preclude work activity. (R. 209-212, 247-248). Psychiatric review forms found no or only mild limitations in functioning resulting from depression or adjustment disorder. (R. 159-173, 223-236, 249-262, 332-345).

Three physical functional assessments found her capable of light work, with some postural limitations and restrictions as to fumes, odors and hazards. (R. 213-222, 263-270, 324-331). One assessment found her capable of medium work activity. (R. 239-246). In one assessment, it was noted that all of her symptoms were related to obesity, and other than that she was a "basically healthy female." (R. 268).

Plaintiff was initially doing volunteer work at her children's school five days a week, seven hours a day. (R. 82). She later quit this because of her back pain. (R. 122). She also cooked "full course" meals for six people, grocery shopped, washed clothes, and kept house (R. 104), but later reported that these activities had diminished. (R. 119).

**F.     SUMMARY OF THE ADMINISTRATIVE HEARING**

Plaintiff appeared at the hearing without counsel. (R. 411). She lives with her four children in subsidized housing. (R. 413). She obtained a GED and some vocational training. (R. 415). She currently weighs 451 pounds. (R. 416). She last worked at a fast food restaurant, but quit when she became pregnant and the greasy food made her sick. (R. 417). She injured her back in a rear end collision in 1999 and has been treated for lower back pain at Eastside Community Practice since then. (R. 418). She also has frequent asthma attacks. (R. 420). Her current pain medication is Ibuprofen and Naproxen, the muscle relaxers she was prescribed made her sleepy. (R. 422). She currently home schools one of her children. (R. 428-429). No one has advised her to have surgery, she goes to the clinic every 2 or 3 months to get her refills, and she has never sought vocational rehabilitation. (R. 430-431). Plaintiff explained that she did not seek disability benefits for four years after her accident because she thought she would "get over it [the depression and back pain] and be okay." (R. 430).

**G.     DISCUSSION**

   a)     Dr. Chodosh's opinion

Dr. Chodosh was of the opinion that Plaintiff could not walk or stand for long periods of time and would need to change positions frequently while sitting, but the ALJ did not adopt these restrictions in his RFC. Plaintiff argues that the ALJ must explain why he gave this opinion great weight, but did not adopt the full opinion.

**No. 1:07CV117-MMP/AK**

Dr. Chodosh was a one time consulting physician, not a treating physician, and although the ALJ gave his opinion "great weight," Dr. Chodosh's opinion was not entitled to the weight of a treating physician nor was the ALJ required to provide explicit reasons for rejecting it in part, as he would if Dr. Chodosh were in fact a treating physician.  See Wilson v. Heckler, 734 F.2d 513, 516 (11th Cir. 1984); Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986).

The ALJ cited to Plaintiff's regular treating sources, and noted that the treatment was "essentially routine and conservative in nature, and that none of her treating physicians had indicated that she was disabled or that her limitations exceeded those determined in his decision."  (R. 20).  The ALJ also explained that "certain aspects of the medical examiners, Drs. Chodosh, Greensberg, Adeles, and Nazario's opinions are in fact, consistent with the residual functional capacity reached by the undersigned."  (R. 20).  The ALJ also pointed to the objective medical tests and Plaintiff's reported daily activities as indicating that Plaintiff was capable of more activity than she reported.  (R. 15 and 20).

It is the opinion of the undersigned that the ALJ cited to substantial evidence within the meaning of the regulations and case law to support his decision to adopt Dr. Chodosh's opinion in part.  This is not a ground for reversal.

    b)    Past relevant work

Plaintiff argues that the jobs cited as past relevant work: cashier, electronic assembler, and restaurant preparation, were not performed as substantial gainful

activity in that she did not earn over $500 a month, and that the ALJ did not consider the sitting/standing/walking requirements of these past jobs or the mental requirements of these past jobs.

Past relevant work is defined as that which has been done in the last 15 years, lasted long enough for a person to learn how to do it, and resulted in substantial gainful activity. 20 C.F.R. §§416.965(a). Substantial gainful activity performed in 1990 to 1999 must have averaged more than $500 a month. 20 C.F.R. §416.974. According to Plaintiff's earnings record and self-reported work history, the only time she worked full time was in 1995, as an electronic assembler for one month, for which she earned $1345.00. (R. 71, 77, 92-93, 108, 124). This averages, of course, to more than $500 a month, but Plaintiff argues that this job is listed by the Dictionary of Occupational Titles (DOT) as semi-skilled and requires three to six months to learn. (Doc. 15, Exhibit B). Plaintiff also argues that the description of the job is precluded by the ALJ's finding that she was limited to "low stress (non-production oriented), simple, unskilled, with one, two or three step instructions...able to lift or carry ten pounds frequently, and 20 pounds occasionally...able to stand and/or walk (with normal breaks) for a total of about 6 hours in an 8-hour workday and to sit (with normal breaks) for a total of about 6 hours in an 8-hour workday." (R. 19-20). The Court agrees that the assembler job is clearly precluded by the ALJ's own limitations in that it is semi-skilled, is precisely "production oriented," involves more than one, two or three step instructions, and requires more than a month to learn.

**No. 1:07CV117-MMP/AK**

Plaintiff argues as well that the cashier job is precluded by the ALJ's findings because the DOT lists it as semi-skilled and it includes significantly more than one, two or three step instructions. (Doc. 15, Exhibit C). Despite Defendant's arguments to the contrary, that Plaintiff could perform the work as she actually performed it, the Court has reviewed her description (R. 93) and finds that there is nothing significantly different about her description and the DOT description of the same job and it is semi-skilled and requires more than one, two or three step instructions.

Since Defendant concedes that there is not sufficient information in the record to make a determination as to whether Plaintiff is precluded from her past work as a fast food preparer, **all** past relevant jobs listed by the ALJ are, in the Court's opinion, precluded by Plaintiff's work limitations, as expressly found by the ALJ. Thus, finding no support for the ALJ's Step Four analysis, the ALJ must go to a Step Five analysis.

      c)      Medical-Vocational Guidelines

The ALJ made an alternative finding under Step Five, utilizing the grids only, that there were a significant number of other jobs which Plaintiff could perform existing in the national economy, but he did not utilize the testimony of a vocational expert to make this finding, and the Court finds that this was error, also.

The Eleventh Circuit has "recognized that the grids may be used in lieu of vocational testimony on specific jobs if none of claimant's nonexertional impairments are so severe as to prevent a full range of employment at the designated level." Wolfe v. Chater, 86 F.3d at 1078, quoting Passopulos v. Sullivan, 976 F.2d 642, 648 (11th Cir.

1992).  See also Foote v. Chater, 67 F.3d 1553, 1558 (11th Cir. 1995).  "It is only when the claimant can clearly do unlimited types of  work . . . that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy."  Allen v. Sullivan, 880 F.2d 1200, 1202 (11th Cir. 1989) (citation omitted).  Exclusive reliance upon the grids is not appropriate when claimant has a nonexertional impairment that significantly limits his basic work activities.  Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990).  Thus, a vocational expert was necessary to support the Commissioner's burden of proof under Step Five.

**H.    SUMMARY**

Whether or not to find these errors harmless and affirm the ALJ's decision or remand for further development has been a difficult determination since it is the opinion of the undersigned that even upon remand the ultimate result of this case will not likely be different.[1]  However, with no support for either a Step Four or Step Five analysis, it is the opinion of the undersigned that the better course is to remand this matter for further development. The Court can appreciate the ALJ's difficulty in making a past relevant work determination with Plaintiff's scanty work history.  She has not worked at any job for more than a few months at a time nor made more than $1500 in any year of her life.  This lack of work activity cannot be attributed to her alleged disability because she quit her last job in 1997 due to pregnancy, **two years** before the alleged onset date in 1999

---

[1] Lubinski v. Sullivan, 952 F.2d 214, 216 (8th Cir. 1991); Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir. 1983) (an error by the ALJ will be held harmless if the evidence is strong enough to support the outcome despite the lapse).

**No. 1:07CV117-MMP/AK**

as the result of a motor accident for which there were no documented injuries. The Court can also appreciate that the ALJ generously found her to have severe impairments and limitations, when the record does not support any medical condition, except obesity, which is no longer a listing.

Listing 9.09 *Obesity* was deleted from the Listing of Impairments on August 24, 1999. Social Security Ruling 02-01p discusses how obesity is to be assessed now:

> Because there is no listing for obesity, we will find that an individual with obesity "meets" the requirements of a listing if he or she has another impairment that, by itself, meets the requirements of a listing. We will find that a listing is met if there is an impairment that, in combination with obesity, meets the requirements of a listing. For example, obesity may increase the severity of coexisting or related impairment to the extent that the combination of impairments meets the requirements of a listing.

The SSR also provides:

> We may also find that obesity, by itself, is medically equivalent to a listed impairment ....For example, if the obesity is of such a level that it results in an inability to ambulate effectively, as defined in sections 1.00B2b or 101.00B2b of the listings, it may substitute for the major dysfunction of a joint(s) due to any cause (and its associated criteria), with the involvement of one major peripheral weight-bearing joint in listings 1.02A or 101.02A, and we will then make a finding of medical equivalence.

There is no proof that would support an inability to ambulate effectively, defined as requiring the use of some type of hand held device to walk or any major dysfunction of a joint. See Listing 1.00(B)(2)(b).

Plaintiff has had two mental evaluations and no treating source has found her mental condition to be severe or otherwise limiting.

**No. 1:07CV117-MMP/AK**

Plaintiff claims to have difficulty breathing because of asthma, but pulmonary studies and a chest x-ray do not confirm this condition and at least two medical sources have suggested that her breathing difficulties are the result of her weight, not asthma. No treating sources have suggested that she is precluded from work because of her asthma or lower back pain. What examining physicians have consistently concluded is that her primary problem is related to, or the result of, her obesity. She has throughout the record weighed from 396 pounds (R. 199) to 451 pounds at the hearing. (R. 416). There is no evidence that Plaintiff is following any treatment regimen to reduce her weight. This might be grounds for denying her disability if any physician had actually prescribed a diet or exercise regimen, but there was no such evidence in the record provided. See Ellison v. Barnhart, 355 F.2d 1272, 1275 (11th Cir. 2003) (a claimant's refusal to follow prescribed medical treatment without a good reason will preclude disability).

In summary, a remand of this matter may not likely result in a different outcome, but some development must be conducted to support the ALJ's finding that with the limitations he has found there are jobs which Plaintiff could perform.

Accordingly, it is respectfully **RECOMMENDED**:

That the decision of the Commissioner denying benefits be **REVERSED AND REMANDED** for further development consistent with these recommendations.

At Gainesville, Florida, this   **20th**  day of May, 2008.

                                                 *s/ A. KORNBLUM*
                                                 **ALLAN KORNBLUM**
                                                 **UNITED STATES MAGISTRATE JUDGE**

**No. 1:07CV117-MMP/AK**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**