IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

HEATHER N. BOYCE,

    Plaintiff,

v.                                      CASE NO. 1:07-cv-00117-MP-AK

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____/

**O R D E R**

       This matter is before the Court on Doc. 20, Report and Recommendation of the Magistrate Judge, recommending that the decision of the Commissioner denying Plaintiff's application for Social Security benefits be reversed, and this case remanded for further proceedings. The Magistrate Judge filed the Report and Recommendation on Tuesday, May 20, 2008. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a de novo review of those portions to which an objection has made. In this instance, however, no objections to the Report and Recommendation have been filed.

       The Magistrate's Report recommends that the Commissioner's decision be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). The standard of review established by § 405(g) requires that the Commissioner's decision be affirmed if it is supported by substantial evidence and the correct legal standards have been applied. Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). The Administrative Law Judge ("ALJ") concluded that because Plaintiff could still do her past relevant work as a cashier, an electronics assembler, and

a restaurant meal preparer, she was not disabled under the Social Security Act.  Plaintiff argues that the ALJ erred by not adopting the entire opinion of the consulting physician, by finding that the jobs listed qualified as past relevant work, by not considering certain physical and mental requirements of these past jobs, and by relying on the grids instead of the testimony of a vocational expert.  Because of this, Plaintiff argues that record shows that the ALJ's decision is not supported by substantial evidence and must be reversed.

The ALJ found that Plaintiff was limited to work that was "low stress (non-production oriented), simple, unskilled, with one, two or three step instructions," and that Plaintiff was "able to lift or carry ten pounds frequently, and 20 pounds occasionally . . . able to stand and/or walk (with normal breaks) for a total of about 6 hours in an 8-hour workday and to sit (with normal breaks) for a total of about 6 hours in an 8-hour workday."  As the Magistrate points out, Plaintiff's past relevant jobs are precluded by the ALJ's own limitations.  Because a vocational expert did not testify to establish whether Plaintiff can perform other work which exists in the national economy, the Court agrees with the Magistrate that the Commissioner's decision denying Plaintiff's application for Social Security benefits must be reversed.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation, Doc. 20, is adopted and incorporated by reference in this order;

2. The Commissioner's decision denying benefits is reversed, and this case is remanded to the Commissioner of Social Security for rehearing pursuant to sentence four of 42 U.S.C. § 405(g);

3. If on remand Plaintiff is awarded past-due benefits, Plaintiff's attorney must file any request for attorney's fees under 42 U.S.C. § 406(b) no later than 14 days from the date the Commissioner, pursuant to 42 U.S.C. § 406(a)(2)(D)(i),

   provides the claimant with written notice of the dollar amount of the past-due benefits;

4.  The Clerk is directed to close this case.

**DONE AND ORDERED** this  *30th* day of June, 2008

     <u>   *s/Maurice M. Paul*   </u>
      Maurice M. Paul, Senior District Judge